# Dale *versus* Pierce.

In a feigned issue to try the right to certain cattle, A. offered evidence that he purchased the cattle through B., who was his agent, in the name of B.; that it was agreed that the latter should butcher and sell the meat, and out of the proceeds return to A. the cost and one-fourth of a cent per pound of dressed meat additional, and that B. should have the balance. Upon this evidence the court granted a new suit, on the ground that it did not tend to prove an exclusive ownership in A., but established a partnership. *Held* (reversing the court below) that this agreement between A. and B. did not constitute a partnership, *inter se*, or as to third parties; and that the case should have been submitted to the jury to say what was the actual relation of the parties.

November 14th 1877. Before Agnew, C. J., Sharswood, Mercur, Gordon, Paxson, Woodward and Sterrett, JJ.

Error to the Court of Common Pleas of *Washington county:* Of October and November Term 1877, No. 150.

[Dale v. Pierce.]

This was a feigned issue under the Sheriff's Interpleader Act, in which George Dale, the plaintiff, claimed, as his sole property, certain cattle which had been levied upon by Joseph Pierce, the defendant, as the property of George J. New.

The plaintiff produced the evidence which will be found, in substance, in the opinion of this court and there rested. The court below, Hart, P. J., granted a compulsory nonsuit, and refused a subsequent motion to take it off on the grounds that,

1. The evidence for the plaintiff does not tend to establish a sole and exclusive ownership in him, as is alleged in the notice to the sheriff, and in the issue framed, but establishes a partnership.

2. The ownership claimed by the plaintiff is void and fraudulent in law, for want of such visible and open transfer of property as the law requires.

This action of the court was the error assigned by plaintiff, who took this writ.

*C. C. & E. A. Montooth* and *John L. Gow*, for plaintiff in error.— The terms of their contract did not make Dale and New partners, either as between themselves or as to third persons : Benjamin *v.* Porteus, 2 H. Bl. 590 ; Miller *v.* Bartlet, 15 S. & R. 137 ; Dunham *v.* Rogers, 1 Barr 255.

An agreement to place goods in the hands of an agent who is insolvent, for the purpose of sale, upon the terms of his paying to his principal the invoice price of the goods and retaining the overplus for himself, is not fraudulent : McCullough *v.* Porter, 4 W. & S. 177.

*A. W. & M. C. Acheson*, for defendant in error.—A participation in the profits, such as was here had, is, as to third persons, a partnership : Edwards *v.* Tracy, 12 P. F. Smith 381 ; Lord *v.* Proctor, 7 Phila. 638 ; Dunham *v.* Rogers, 1 Barr 255 ; Purviance *v.* McClintee, 6 S. & R. 261.

Mr. Justice STERRETT delivered the opinion of the court, January 7th 1878.

The plaintiff in error, in his notice to the sheriff as well as in answer to the rule, claimed the absolute ownership of the cattle levied on as the property of New ; and it was upon this claim that the issue, which he tendered and undertook to maintain, was awarded. He assumed the *onus* of proving what he asserted, and if he failed to adduce testimony tending to prove that he was the sole owner of the cattle in controversy, the judgment of nonsuit was properly entered. He could not succeed by offering testimony tending to show, or even by proving a limited or qualified interest in them : Meyers *v.* Prentzell *et al.*, 9 Casey 482. It is claimed, however, that there was testimony which should have been submitted to the

[Dale *v.* Pierce.]

jury, and from which they might have found that New was merely the agent of Dale in purchasing the cattle, and that the money used in paying for them was furnished by Dale for that purpose. If this be so there was error in withdrawing the case from the jury, no matter how strong the evidence may have been to the contrary.

Dale testified in substance that New was his agent in the transaction ; that he sent him to Young for the purpose of buying the cattle for him on the best terms that he could make ; and after reporting the price at which they could be purchased, he bought twenty-two head, amounting to about $875, to be paid for when he took them away. He further testified that he furnished the money to pay for them, viz. : $100 about the 4th September, $176 about the middle of the same month, out of the proceeds of sale, and $600 cash in October. In speaking of the arrangement between them, he says that New was to butcher the cattle, sell the meat and out of the proceeds give him the price of the cattle and one-fourth of a cent per pound dressed meat, additional, and that New was to have all that remained. The testimony of New as to his agency in the purchase of the cattle, and the terms on which he was to butcher them and dispose of the meat is substantially the same. Upon this and other testimony before the jury it is claimed that it was a question solely for their determination, whether New was not merely the agent of Dale in the purchase of the cattle, and whether the arrangement as to butchering them was not simply a mode of compensating the former for his services in dressing and disposing of the meat. If the jury had found, as they might have done, that such was the true state of the case, the plaintiff would have been entitled to their verdict. If the cattle were purchased and paid for by Dale through the agency of New, the latter had no interest in them; and if he agreed to butcher them, &c., and accept as compensation for his services, all that might remain after deducting the cost of the cattle, and twenty-five cents per hundred pounds dressed meat, the transaction did not constitute a partnership *inter se*, or as to third parties. On the other hand, if it had been shown that the transaction was in fact a loan of money by Dale to New for the purpose of buying cattle for himself and carrying on the business of butchering, the plaintiff would have no claim to the cattle thus acquired by New. Both parties however deny that such was their relation to each other. The case should have been submitted to the jury, under proper instructions, to say what was the actual relation of the parties, or rather, whether the cattle were purchased by Dale through the agency of New.

There appears to be nothing in the evidence to justify the conclusion that the transaction was fraudulent in law and void as to creditors.

Judgment reversed, and a *procedendo* awarded.